(No. 26394.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* J. LIVERT KELLY, Plaintiff in Error.

*Opinion filed November 24, 1941.*

HOWARD D. GETER, and JOSEPH E. CLAYTON, JR., for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, J. Livert Kelly, was convicted by a jury in the municipal court of Cook county of the crime

of assault and battery. Upon writ of error to the Appellate Court for the First District the judgment of the municipal court was affirmed. The case comes to this court on writ of error to review the judgment of the Appellate Court.

Plaintiff in error was business agent of the Retail Clerks' Union, and the complaining witness, Alvin Lamb, was a member of the union. Complaining witness testified that on October 31, 1939, he went to the office of Kelly to complain about being required to purchase five tickets for the annual cabaret party given by the union at a cost of forty cents each. He testified that after arrival at the office, and some preliminary talk with the office girl, plaintiff in error, Kelly, assaulted him while he was being held by one man and another pointed a gun at him. Upon leaving the office he went immediately to the police, and came back with them, saw plaintiff in error and another man standing at the foot of the stairs, identified Kelly, and pointed him out to the police as the man who had assaulted him. Plaintiff in error claims an alibi. It was asserted he was in the office of a dentist down the hall in the same building, and that the assault was made by some unknown person who heard complaining witness creating a disturbance in the union office. Plaintiff in error is corroborated by girls in the office to the extent that they say they did not *see* Kelly hit the complaining witness. If they were present they knew whether the assault occurred. No evidence was offered by the plaintiff in error as to the presence or absence of the two men claimed to have restrained the complaining witness while plaintiff in error assaulted him.

The contention made is that the evidence does not show the plaintiff in error to be guilty beyond a reasonable doubt, because of the claimed alibi and plaintiff in error's denial of guilt. The law has committed to the jury the determination of the credibility of the witnesses and the weight to be accorded their testimony. And where the evidence is

merely conflicting, the verdict of the jury is conclusive, when founded upon credible testimony sufficient to convict. (*People* v. *Deal,* 361 Ill. 225; *People* v. *Wynekoop,* 359 id. 124.) There is evidence that plaintiff in error was guilty of an assault. The case has been affirmed by the Appellate Court, where the evidence is carefully reviewed and analyzed, and in its opinion the plaintiff in error was deemed guilty beyond a reasonable doubt. Where, as here, there is evidence showing the defendant's guilt, and the finding has been made by the jury and affirmed by the Appellate Court we will not disturb the judgment of conviction merely because there is evidence in the record which, if believed, would have sustained a verdict of acquittal.

Complaint is also made that the assistant State's attorney used improper argument in his address to the jury. A number of remarks made by the prosecuting attorney are set out in the brief of plaintiff in error, but in all instances but one no effort was made by counsel to preserve exceptions to the supposed objectionable remarks by exceptions taken at the time. Remarks made in the trial court cannot be considered on review unless challenged in the trial court and the question saved by exception. (*People* v. *Allen,* 368 Ill. 368.) The remaining statements were not objectionable, being merely the State's attorney's interpretation of the effect of the evidence.

It is also claimed by plaintiff in error that the court erred in permitting the prosecution to open the case after it had rested, and introduce additional testimony after the argument had begun. Two police officers who had accompanied complaining witness to the office of Kelly after the assault had taken place were not called by the People. Defendant's counsel, in argument to the jury, commented upon the failure of the prosecution to call these officers, and the inference that might be drawn therefrom. The State's attorney immediately asked leave to place these officers upon the stand, and this the court permitted.

It rests in the sound discretion of the court whether a case may be opened up for further evidence, and this discretion will not be interfered with except where it is clearly abused. (*People* v. *Lukoszus,* 242 Ill. 101; *Rosehill Cemetery Co.* v. *City of Chicago,* 352 id. 11.) It appears from the record here the occasion for permitting the case to be opened was brought about by counsel for plaintiff in error attempting to draw conclusions adverse to the prosecution, because witnesses who appeared upon the scene after the assault had not been called.

There is no error in the conduct of the trial, and the judgment of the Appellate Court for the First District is accordingly affirmed.

*Judgment affirmed.*