(No. 35762.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT L. BURAGE, Plaintiff in Error.

*Opinion filed November 30, 1961.*

NATHAN G. BRENNER, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Robert L. Burage, who was indicted in the criminal court of Cook County for unlawful possession and sale of narcotic drugs, was found guilty after a jury trial and sentenced to the penitentiary for a term of ten to fifteen years. He prosecutes this writ of error for review.

No evidence was introduced for the defense and the uncontradicted testimony of prosecution witnesses reveals that a purchase of narcotics was made from defendant by Inez Anderson, a Chicago policewoman, then working in co-operation with Federal agents. She was given funds and taken to the apartment of an informer employed by the Federal people, while other agents kept the building under surveillance from the outside. Defendant came to the apartment in response to a telephone call by the informer and,

after some conversation in which he stated he had a good connection for narcotics, left the apartment to purchase some aspirin for the informer and Mrs. Anderson. Upon his return he made a telephone call, after which the three waited in the apartment for two hours until defendant received a call. At this, he requested and received $520 from policewoman Anderson and departed. He returned a few minutes later, handed her four packets of powder and then left again. Federal agents outside, in the meantime, had seen defendant go to a waiting automobile and receive something from the driver and, after he had re-entered the building for a short time, saw him enter the car and drive away. Mrs. Anderson immediately delivered the packets of powder to the waiting agents, and a field test disclosed that it was heroin.

During the trial of the cause defendant's counsel sharply cross-examined policewoman Anderson and, in one instance, pressed her for the details of any conversation she had heard between defendant and the informer while they were in the apartment. To this question the witness responded: "I remember him stating that he had a nice girl friend now and he was going straight since he got out of the pen and he wasn't going to dirty her up." Defendant's counsel immediately moved for a mistrial, which motion was denied, but did not ask that the answer be stricken or request at any time that the jury be instructed to disregard it.

The defendant contends here that the trial court erred in refusing to grant a mistrial because of the improper remark of the witness, and that there was a lack of proof to sustain the jury's verdict. Neither contention has convincing force.

While it may be agreed that the reference to defendant's prior incarceration in the penitentiary was completely incompetent and irrelevant, the State is not responsible for questions asked by the attorney for the accused, and neither is it responsible for the answers to such questions by the

State's witnesses. (*People* v. *Henry*, 3 Ill.2d 609, *People* v. *Maciejewski*, 294 Ill. 390; *People* v. *Singer*, 288 Ill. 113.) If a defendant procures, invites or acquiesces in the admission of evidence, even though it be improper, he cannot complain. (*People* v. *Singer*, 288 Ill. 113; *People* v. *Maciejewski*, 294 Ill. 390; *People* v. *Kissane*, 347 Ill. 385; *People* v. *Garafola*, 369 Ill. 232.) Furthermore, a trial court is not obligated to exclude improper evidence where a defendant makes no objection, does not move to exclude it or does not disclaim the answers. *People* v. *Henry*, 3 Ill.2d 609; *People* v. *Kissane*, 347 Ill. 385.

In the instant case defendant's counsel, by a process of sharp questioning, was obviously exploring for some basis to discredit the testimony of the policewoman. It was he who insisted on bringing out the details of any conversation between defendant and the informer and thus invited and induced the answer of the witness. That the answer contained improper matter afforded no grounds for a mistrial, nor was its admission reversible error, particularly since defendant took no steps to have it excluded from the record, or to have the jury instructed to disregard it. *People* v. *Oden*, 20 Ill.2d 470; *People* v. *Donaldson*, 8 Ill.2d 510; *Stewart* v. *United States*, 366 U.S. 1, 6 L. ed. 2d 84, upon which defendant relies, are distinguishable. In each, improper testimony was not invited or induced by the accused, but was introduced or brought out by the prosecution.

Nor is there merit to the argument that the case made out by the prosecution was so weak that the jury must have been influenced by the answer of the witness in arriving at its verdict. Since the answer was invited and procured by defendant's counsel it would be enough to say that defendant is now estopped from pursuing this course of argument. However, the testimony of the policewoman, which was not denied, contradicted or discredited in any manner, received substantial corroboration from the testimony of the Federal

agents and was alone sufficient to afford a basis for the jury's verdict and to establish defendant's guilt beyond a reasonable doubt. In light of the record it is apparent that the jury, notwithstanding the answer of the witness, could not have arrived at a different result. Cf. *People* v. *Morton,* 21 Ill.2d 139.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*