THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WHITE, a/k/a JIMMIE CLAGGETTE, Defendant-Appellant.

(No. 58587;

First District (5th Division)—December 27, 1974.

James J. Doherty, Public Defender, of Chicago (James N. Gramenos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant was convicted after a jury trial of unlawful use of weapons. Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4).

Defendant raises three contentions on appeal: (1) that references to unrelated charges of armed robbery and burglary, appearing in the testimony of the arresting officer and in the State's opening statement, were prejudicial; (2) that the trial court erred in allowing the State to reopen its case at the conclusion of defense counsel's closing argument; and (3) that the State's closing and rebuttal arguments were improper and prejudicial.

The record shows that Sergeant Frank J. Hughes of the Chicago Police Department testified. He was a criminal investigator for area 4 robbery and on July 9, 1971, he interviewed Leola Sims. On July 11, he showed her a photograph of defendant. Thereafter, he accompanied her when she appeared before Judge Sulski, who issued a warrant for defendant's arrest. After searching for defendant at four different residences, on July 13, in the company of Investigators O'Connor and Piekarski, he observed defendant crossing the street in the area of Madison and

Oakley. He left his car and placed defendant under arrest, calling him Claggette. Defendant stated that his name was Terry White, not Claggette. A search of defendant revealed a .38-caliber revolver with five live rounds of ammunition hidden in the small of his back underneath his jacket.

On cross-examination, he stated that the arrest warrant was for a charge of robbery for which defendant had not been convicted, and that the gun recovered from defendant had been stolen from a Mr. Holland in the burglary of his home.

On redirect examination, he testified that the home that had been burglarized was three blocks from where he arrested defendant, and that he knew that defendant had used the name Terry White before because the name was on his arrest record.

On recross, he testified that Miss Sims had given him the name of Jimmie Claggette as the man who robbed her.

Investigator Thomas Piekarski of the Chicago Police Department testified as follows:

On July 13, 1971, he and Investigator O'Connor accompanied Sergeant Hughes in a search for defendant. In the area of Madison and Western Avenues, he observed defendant crossing the street and immediately notified Hughes, who placed defendant under arrest. A crowd had gathered at the scene, and at the time Hughes was arresting defendant, the witness was watching the crowd. When he brought defendant back to the squad car, Hughes was holding a gun in his hand that was different from the two that he was previously carrying.

The gun, the bullets, and the arrest warrant were entered into evidence.

After both sides rested and made their closing arguments, the State, over defense objections, was granted leave to open its case and called Leola Sims as a witness.

Leola Sims testified as follows:

On July 9, 1971, she was at the beauty parlor that she owns and was robbed by defendant, who was armed with a gun smaller than the gun that was the subject of the unlawful-use-of-weapons charge. She has seen defendant for several years in the neighborhood and knew his name to be Jimmie. On July 9, she spoke with Investigator Hughes regarding the robbery. On July 11, she identified defendant's photograph as that of the man who had robbed her. Thereafter, she accompanied Hughes and had a warrant issued for defendant's arrest.

After the State made its rebuttal argument, the matter was submitted to the jury.

OPINION

Defendant's first contention is that references to unrelated crimes were prejudicial. These references included the following: (1) in his opening statement, the prosecutor indicated that Sergeant Hughes would testify that he spoke to Leola Sims in connection with his investigation of an armed robbery of her; (2) in his opening statement, the prosecutor indicated that Hughes would testify that he told defendant to "hold it, he was under arrest for armed robbery"; (3) Hughes testified on redirect examination that the home that was burglarized was three blocks away from where defendant was arrested; and (4) on redirect examination the officer testified that he knew that defendant had used the name Terry White before because it was on his arrest record.

■■ We note that the trial court informed the jury that the statements of counsel were not to be considered as evidence, and that on direct examination, the only mention of "robbery" was the testimony that Sergeant Hughes was then in the robbery division. There was no statement that Leola Sims had been robbed, nor did the officer testify that he told defendant he was under arrest for robbery.

■■ Furthermore, defense counsel did not object to the opening statement or to the testimony. A party cannot sit by and permit evidence to be introduced without objection and then, on appeal, urge an objection that might have been obviated if made at trial. (*People v. Trefonas,* 9 Ill.2d 92, 136 N.E.2d 817.) Indeed, on cross-examination defense counsel specifically asked the officer whether the arrest warrant was for robbery and introduced the subject of the burglary. She told the jury during opening argument that defendant had an arrest record. If a defendant procures, invites, or acquiesces in the admission of evidence, even though it is improper, he cannot complain on appeal. *People v. Burage,* 23 Ill.2d 280, 178 N.E.2d 389.

■■ Defendant urges us to consider these alleged errors under Supreme Court Rule 615(a), which grants us the discretion to review plain errors affecting substantial rights even when they were not brought to the attention of the trial court. (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a).) We do not think this case is an appropriate one in which to employ the plain-error doctrine, because the evidence against defendant is clear and uncontradicted. *People v. Douglas,* 130 Ill.App.2d 938, 267 N.E.2d 43.

■■ Defendant next contends that the trial court erred in allowing the State to reopen its case to introduce the testimony of Leola Sims after defense counsel's closing argument. It is a well-established rule that it is within the sound discretion of the trial court to determine whether a case may be reopened for further evidence and that unless this discre-

tion clearly has been abused, a court of review will not reverse the trial court's decision. *People v. Cross*, 40 Ill.2d 85, 237 N.E.2d 437.

In the case at bar, defense counsel argued in her closing statement that the police were not looking for one person, but were going down the street seeing whom they could pick up on suspicion and charge later. "It wasn't that they were looking for and found a man from a photograph." Defense counsel repeatedly pointed out that the prosecution had failed to call Leola Sims to confirm the officer's testimony concerning his reason for arresting defendant and asked the jury to draw the inference that Sergeant Hughes was not to be believed.

■■ We think the trial court did not abuse his discretion in allowing the State to reopen its case. Defense counsel, by her closing argument, invited the admission of Miss Sims' testimony. *People v. Kelly*, 378 Ill. 273, 38 N.E.2d 9.

■■ Defendant now argues that references by Miss Sims to the armed robbery allegedly committed by defendant were prejudicial. Although she objected to the calling of Miss Sims after closing arguments on the ground that the State had the opportunity to call her during its case in chief, defense counsel did not object to the content of the testimony. Thus defendant cannot be heard to raise the objection on appeal. (*People v. Trefonas*, 9 Ill.2d 92, 136 N.E.2d 817.) Furthermore, a defendant cannot object to matters that he himself caused to be placed before the jury. *People v. Burage*, 23 Ill.2d 280, 178 N.E.2d 389.

■■ Defendant's final contention is that the closing and rebuttal arguments of the prosecutor were prejudicial and improper. Since defendant failed to call any of the alleged improprieties to the attention of the trial court, he may not raise them on appeal. *People v. Edwards*, 55 Ill. 2d 25, 302 N.E.2d 306.

Defendant's counsel on appeal was not the attorney who represented him at trial. This court asked counsel at oral argument whether, in view of the number of alleged errors for which there was no objection made at trial, defendant wished to urge that trial counsel was incompetent. Counsel on appeal indicated trial counsel was not incompetent and that defendant did not wish to urge this point on appeal.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.