THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY LOTTS (Impleaded), Defendant-Appellant.

Fourth District   No. 13931

Opinion filed May 16, 1977.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Leroy Lotts, was tried before a Champaign County jury and convicted for the crime of armed violence in the commission of an act of intimidation, a violation of section 33A-2 of the Criminal Code

of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 33A-2). For this offense, defendant was sentenced to the penitentiary for 3 1/3 to 10 years pursuant to section 33A-3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 33A-3).

On Saturday, August 15, 1975, the defendant and Othal (Yockie) Harris left a nighttime party and drove to a rural area northwest of Champaign with two young girls: Chris Ivy, age 13, and Desanta Thompson, age 14. The quartet parked on a side road where the men attempted to persuade the girls to engage in intercourse. Both girls asked to be driven back to Champaign, but defendant and Harris refused to comply with the request unless the girls assented to intercourse. When the girls again refused, the defendant told them to leave the car and walk back to town. When Desanta Thompson said she wasn't going to walk, defendant pointed a gun at the girls saying, "I'm going to make them walk." Both girls then began to walk away, but Harris followed and persuaded them to return to the car. Harris told the girls that the defendant was just playing.

Although the testimony of Ivy, Thompson and Harris concerning the occurrences of August 15, 1975, is confusing, the record clearly discloses that the defendant was armed with a dangerous weapon when he committed an act of intimidation by threatening the two girls with physical harm and physical confinement in order to cause them to engage in illicit sexual acts. Although the defendant testified at trial that he had no gun on the night of August 15, 1975, defendant does not allege in this court that his guilt was not proved beyond a reasonable doubt. Rather, defendant alleges that he was denied a fair trial by the State's introduction of Othal (Yockie) Harris' plea of guilty to a charge of intimidation arising from the same incident and by the State's elicitation, on cross-examination, that defendant used a gun in an unrelated, prior armed robbery. Defendant concedes that these alleged errors must be reached, if at all, under the plain error doctrine embodied in Supreme Court Rule 615(a) (58 Ill. 2d R. 615(a)), since the errors presented on appeal were neither objected to at trial nor mentioned in defendant's written post-trial motion. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Agans* (1974), 24 Ill. App. 3d 64, 320 N.E.2d 25.

■■ As a general rule, evidence that an alleged accomplice has been convicted or has pleaded guilty to an offense for which the defendant is being tried is inadmissible against the defendant because competent and satisfactory evidence against one person charged with an offense is not always competent and satisfactory against another. (*People v. Burch* (1974), 22 Ill. App. 3d 950, 953, 317 N.E.2d 136, 139.) This, however, does not prohibit the State from presenting relevant accomplice testimony, whether that testimony is corroborated or uncorroborated. (*People v. Wilson* (1977), 66 Ill. 2d 346, 362 N.E.2d 291.) Rather, we mean to say that

one charged with an offense must be tried upon evidence which logically tends to show his guilt or innocence, and not that which only shows another's guilt.

■■ We recognize that it would have been preferable had the prosecutor not elicited Harris' admission that he pleaded guilty to a charge of intimidation arising from the incident of August 15, 1975; however, we find that there was ample competent evidence to sustain a conviction and that defendant was not prejudiced by the testimony. Accordingly, we find that no plain error requiring reversal occurred when the prosecutor elicited the reference to Harris' guilty plea.

■■ In regard to defendant's allegation that the State committed plain error in eliciting defendant's admission that he used a gun in an unrelated armed robbery, we note that defense counsel failed to object to the question and that the prosecutor did not dwell on defendant's answer. In *People v. White* (1974), 25 Ill. App. 3d 391, 323 N.E.2d 376, the court indicated that a defendant cannot complain on appeal if he acquiesced in the admission of otherwise improper evidence at trial. Here, since we hold that the alleged error did not reach plain error dimensions, we need not decide if the prosecutor's question exceeded the limits of proper cross-examination.

In *People v. Sullivan* (1977), 48 Ill. App. 3d 787, 362 N.E.2d 1382, we found cumulative plain error present in the prosecutor's opening statement and in his presentation to the jury of shackled witnesses who were alleged to be the defendant's convicted accomplices. In the instant case, multiple trial errors are alleged in this court, however, we cannot say as we did in *Sullivan,* that those alleged errors were so bad as to deny the defendant a fair trial. We reach this result after viewing each error singly and after attempting to view all the errors together in cumulative fashion. Accordingly, we find that our *Sullivan* decision is inapposite to the instant case.

Defendant's final contention on appeal is that the sentencing statute for armed violence (Ill. Rev. Stat. 1973, ch. 38, par. 33A-3) is unconstitutional in that it appears to require an arbitrary imposition of the maximum sentence whenever the underlying crime is a Class 1, 2 or 3 felony. The sentencing provision for armed violence in effect at the time of the crime and defendant's indictment read:

> "Violation of Section 33A-2 is a Class 4 felony or the maximum sentence provided for the same act while unarmed, whichever is greater. A second or subsequent violation of Section 33A-2 is a Class 1 felony for which an offender may not be sentenced to death." Ill. Rev. Stat. 1975, ch. 38, par. 33A-3.

■■ The cardinal rule of statutory construction and interpretation is that a court must ascertain and give effect to the legislative intent. (*People*

*v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436.) Words used in a statute should be given their plain and commonly accepted meaning, but where verbal inconsistency appears which would defeat the obvious intent of the legislature in adopting an act, a court may modify changes or reject incongruous words.

■■■ The instant provision was amended to its present form as part of the implementation of the Unified Code of Corrections. Before then, the statute provided for a 5-year minimum and "not more than the maximum" for the same act while unarmed. Normally, if portions of a statute are amended, such portions not repeated are repealed without any specific expression of that purpose; the omitted portion may not be legislated into existence by judicial construction. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 242 N.E.2d 267.) The rule, however, does not prevail where the intent of the legislature is otherwise indicated to be to the contrary. The considerations this court may notice include the amendatory act in its entirety, the reasons for the amendatory act and the purposes to be thereby obtained, and the previous condition of the law on the subject. Where the literal enforcement of the statute would result in great injustice and have results which the legislature could not have contemplated, this court will adopt the construction reasonably intended by the legislature. While courts generally are cautious about adding words to a statute, they will not hesitate to read a qualifying or expanding expression into the statute where the expression was plainly implied from the general context of the act and where it is otherwise necessary to prevent a failure of the legislature's purpose. *Ring*; see also *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473.

■■ For this court to literally read section 33A-3 as a requirement that the maximum sentence be imposed would be clearly contrary to its legislative purpose. Such a literal interpretation would reach a result the legislature could not have contemplated in view of the discretion generally placed in the sentencing court by our legislature in the Unified Code of Corrections and the Criminal Code of 1961. Such a result would also be contrary to the history of section 33A-3 and its predecessors. We, therefore, conclude that section 33A-3 indicates the legislature's intent that, if the underlying crime while unarmed is a Class 1, 2, or 3 felony, then the minimum sentence for armed violence is the minimum for a Class 4 felony while the maximum sentence for armed violence would be no more than the maximum provided for the underlying crime while unarmed.

Affirmed.

CRAVEN, P. J., and MILLS, J., concur.