WILLIAM A. SAVITCH, Plaintiff-Appellee, *v.* RICHARD E. ALLMAN, Defendant-Appellant.

Third District   No. 76-253

Opinion filed October 13, 1977.

Watts C. Johnson, of Johnson, Martin & Russell, of Princeton, for appellant.

Louis E. Olivero, of Peru, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Richard Allman appeals from a judgment for $20,000 entered in favor of plaintiff William Savitch in a negligence action arising out of an automobile accident.

According to the trial testimony, about 6 p.m. on February 5, 1971, plaintiff William Savitch parked his car parallel to the curb facing west on Dakota Street in Spring Valley, Illinois, and opened the trunk to remove some tools. As he stood at the rear of his car, a westbound automobile driven by defendant Richard Allman swerved to the right and struck plaintiff's car in the area of the left rear fender. Plaintiff was thrown about 10 feet north of his car into an adjacent yard. Defendant had consumed five or six vodka drinks during the afternoon, and in the opinion of the investigating officer, was intoxicated at the time of the accident.

Shortly after the accident, plaintiff was examined by his family physician, Dr. L. P. Lukacic, at the hospital. After determining that plaintiff had not suffered any serious injury, Dr. Lukacic permitted plaintiff to go home. During subsequent examinations over the next few days, plaintiff complained of stiff muscles, back pain, muscle spasms, and a stiff neck. Beginning November 19, 1971, plaintiff had at least 14 treatments from Dr. R. W. Kneebone, a chiropractor.

On July 31, 1972, plaintiff was hospitalized with pain in his left shoulder and arm and numbness in his fingers. Plaintiff, who was a carpenter, told Dr. Lukacic that he had been carrying shingles on his left shoulder, but he did not mention any injury. The hospital records indicated that plaintiff received one or two physical therapy treatments consisting of five or 10 minutes in traction with 15 to 20 lb. weights, and that he was discharged on August 2. Dr. Lukacic testified that he believed plaintiff's July 1972 condition was caused by the automobile accident.

Dr. Lukacic also testified that plaintiff has a pre-existing scoliosis of the spine and that X rays taken a few days after the accident showed a change in the lordotic curve indicating a muscle spasm. Dr. Lukacic's diagnosis was that plaintiff had received a soft tissue injury of the connecting ligaments of the spine, mainly of the neck and lower back. He also stated that plaintiff has long-standing arthritis, and that the accident could exacerbate both the scoliosis and arthritis. In March of 1971 Dr. Lukacic referred plaintiff to two different orthopedic specialists, both of whom examined plaintiff and concluded that plaintiff had not suffered any

serious injury to his back and that no orthopedic treatment was required. Dr. Lukacic stated that plaintiff is not malingering.

About one month before trial, at defendant's request, plaintiff was examined by Dr. James Wilson, an orthopedic surgeon from Princeton, Illinois, who concluded that plaintiff had three problems: (1) idiopathic thoracal lumbar scoliosis which could have been worsened by the accident; (2) low back strain which was probably caused or exacerbated by the accident; and (3) left carpal tunnel syndrome (numbness of three fingers on the left hand) which could probably be corrected by surgery on the wrist. Dr. Wilson also stated that the carpal tunnel syndrome could be occupational in origin and was not likely to have been caused by the accident because it took so long to manifest itself. Both Dr. Wilson and Dr. Lukacic said that plaintiff's back conditions (scoliosis and low back strain) will get worse.

Defendant produced plaintiff's 1972 hospital record where the physical therapist stated that a possible reason for pain in plaintiff's left shoulder and numbness of fingers was his history of "hurting his left shoulder while at work a week ago Thursday." Plaintiff testified that he did not injure his left shoulder carrying shingles in July of 1972 and that he never told any nurse or physical therapist that he did.

After a jury trial before the Circuit Court of Bureau County, a verdict for $20,000 was returned in favor of plaintiff, and judgment was entered thereon. Defendant's post-trial motion was denied, and this appeal followed.

Defendant first argues that plaintiff failed to prove a causal connection between defendant's negligence and plaintiff's injuries. However, defendant has conceded that the jury did not err in finding him liable, and he requests either a new trial on the issue of damages or a remittitur. Thus he has admitted liability, and the question of proximate cause is no longer at issue.

Defendant also contends the verdict was excessive in view of the evidence that plaintiff's income has increased since the accident, that he missed only one week of work, that his complaints of pain are subjective symptoms, that he had scoliosis and arthritis prior to the accident, that his medical expenses totaled $379.90, and that the left carpal tunnel syndrome was not caused by the accident.

■■■ We recently discussed an allegedly excessive verdict in *Horton v. City of Ottawa* (3d Dist. 1976), 40 Ill. App. 3d 544, 550-51, 352 N.E.2d 23, 27-28:

> "As has frequently been said, the determination of damages in personal injury cases is a matter peculiarly within the province of the jury since no mathematical computation of compensation is possible, and courts must keep in mind that the aim of the law is to

attain a reasonable balance between the amount awarded as damages and the extent of the injuries. [Citation.]

Although the verdict here may well be in excess of the amount which the judges of both this court and the trial court would have allowed if they had been the trier of fact, the issue presented by the post-trial motion is whether the verdict was against the manifest weight of the evidence.* * *

* * *

Where, as here, the evidence of permanent injury is contradictory and to some extent subjective, the court may not substitute its inferences and conclusions of fact for those drawn by the jury if those drawn by the jury are reasonably supported in the evidence. [Citation.] It is particularly difficult to fix the precise dollar value of compensation where the award is based on pain or suffering. [Citation.] The same is true of a permanent disability, and the fact that medical and hospital expenses may be small, and that plaintiff has returned to work, may be of no practical significance in determining damages. [Citation.]"

We believe these principles apply to the case at bar. As we indicated above in our summary of facts, the evidence was conflicting as to the cause of the numbness in plaintiff's fingers. It was undisputed that Dr. Lukacic found objective evidence of muscle spasms in the back; that neither the scoliosis nor arthritis had interfered with plaintiff's work prior to the accident; that the accident either could or probably did aggravate both conditions; and that plaintiff's back problems will be permanent. All of this evidence supported the damages award.

Defendant has requested a remittitur of $18,000 as an alternative to a new trial on the issue of damages alone. As this court has previously said in a similar case:

"[W]hen an experienced trial judge who has presided at the trial and has seen plaintiff in person has approved such a verdict as in the instant case, it should not be reduced or overturned by a reviewing court unless it is shown to be clearly erroneous or the result of passion or prejudice." (*Orlandi v. Caraway* (3d Dist. 1973), 9 Ill. App. 3d 628, 632, 293 N.E.2d 337, 339.)

After carefully reviewing the record, and considering the trial court's denial of a remittitur, we find no basis for disturbing the verdict returned in the trial court.

Finally defendant contends that the trial judge condoned trickery and unfairness on the part of plaintiff's counsel. At trial plaintiff's complaint included two counts: count I based upon negligence and count III based upon wilful and wanton misconduct. Before trial defendant offered to admit liability under count I if plaintiff would agree to dismiss count III,

but plaintiff declined. Defendant also filed a motion in limine to prevent introduction of any evidence of defendant's intoxication. The trial court denied that motion but stated that plaintiff's presentation of evidence of drinking would result in a mistrial unless plaintiff had opinion evidence of intoxication. At the close of all the evidence, the court granted plaintiff's motion to dismiss count III, saying that the motion would not be allowed except that intoxication is an element of negligence under count I. The court then observed that it looks like plaintiff set up the wilful and wanton count "to get the alcohol in there and then dumped it after you got through, but still since it's an element, a possible element of negligence I don't think [I] have much choice but to dismiss it."

Defendant contends that plaintiff did use the wilful and wanton count solely to obtain the admission of evidence of intoxication and that the trial court aided and abetted this tactical trickery by permitting plaintiff to introduce evidence of drinking provided he proved intoxication, then warning plaintiff of his failure to establish intoxication and permitting recall of the officer, and finally allowing the dismissal of count III "after the damage had been done."

On particular error complained of is that the court permitted plaintiff to recall the investigating police officer to ask him his opinion as to defendant's sobriety after admitting that the court "inadvertently suggested to counsel for plaintiff" that there was as yet no opinion evidence as to intoxication. This occurred before the close of plaintiff's case in chief.

■■ As a general rule, the decision whether a party may introduce evidence that should have been introduced earlier rests largely in the discretion of the trial court. (*Forest Preserve District v. Lehmann Estate, Inc.* (1944), 388 Ill. 416, 58 N.E.2d 538; *People v. Kelly* (1941), 378 Ill. 273, 38 N.E.2d 9; Hunter, Trial Handbook for Illinois Lawyers §22:8 (1972).) Considering that defendant does not and could not claim surprise and that the officer was recalled to correct an apparent oversight, we cannot say that permitting the officer to return to the stand was prejudicial to defendant. Hence, we believe the trial court did not abuse its discretion in permitting plaintiff to recall the police officer.

■■ As to the evidence of defendant's intoxication, clearly such evidence is admissible to show negligence. (*Ballard v. Jones* (1st Dist. 1974), 21 Ill. App. 3d 496, 316 N.E.2d 281.) Thus the court quite properly denied defendant's motion in limine. Similarly, we find no abuse of discretion in allowing plaintiff to withdraw the wilful and wanton count.

■■ Finally, defendant asserts that the trial judge admitted that plaintiff's attorney resorted to trickery but then erroneously refused to set

aside the verdict. According to an affidavit of defendant's attorney appearing in the record, when the trial judge denied defendant's post-trial motion, the judge said, "I happen to agree with [defense counsel] but I will leave that decision up to the Appellate Court* * *." The affidavit also states that the trial judge says he meant that had he been the trier of fact, he would not have awarded as much damages but that he would not substitute his judgment for that of the jury. While the quoted language of the trial court may be capable of more than one interpretation, we are certain that the court did not intend to condone trickery. We believe the trial court properly denied defendant's post-trial motion.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.