THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HONALTON ALFORD, Defendant-Appellant.
First District (1st Division)   No. 81—2456

Opinion filed December 20, 1982.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Martin D. Reggi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:
Defendant, Honalton Alford, was charged by information with the offenses of attempt murder, armed violence and two counts of aggravated battery. (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 33A—2, 12—4(a) and 12—4(b)(1).) After a bench trial, he was found not guilty of attempt murder and armed violence, but guilty of the two counts of ag-

gravated battery. He was then sentenced by the trial court to two concurrent four-year penitentiary terms. Defendant appeals, contending that the trial court committed reversible error by admitting into evidence testimony concerning a shooting incident involving him which occurred five days prior to the offense in question; that he was improperly convicted of two counts of aggravated battery based on the same act; and that, since the trial court was influenced by the existence of two convictions when it rendered sentence, the case must be remanded for a new sentencing hearing.

The following facts were adduced at trial:

The complaining witness, James Jeffries, testified that in the late afternoon of December 2, 1980, he was leaving a grocery store on 58th Street in Chicago when he observed defendant opening the door of a vehicle across the street. Immediately thereafter, defendant turned and fired a gun at the complainant, wounding him in the right arm and side. Complainant was treated at a hospital but was released the same day. According to complainant, he did not know defendant's name, but had seen him around the neighborhood for approximately 15 years. Five days after this offense, complainant identified defendant as his assailant at the police station.

Louise Harris also testified for the State and said that on November 27, 1980, she and her brother owned a tavern which was located at 237 East 58th Street. At approximately 4 p.m. on that date, she arrived at the tavern to bring her brother dinner and observed defendant drinking. Defendant then got into an argument with another patron and left, stating that he was going to get his gun. A short time later she observed defendant through the tavern's glass front door. Her brother went outside to speak with defendant, after which Harris' brother came back inside. They then observed defendant pull out a gun and fire two shots through the glass door. During Harris' testimony, defense counsel objected to this testimony, arguing that such testimony was irrelevant. The trial court twice overruled defense counsel's objections.

As stated above, defendant contends that the trial court committed reversible error by admitting evidence of the above-described shooting incident since it occurred five days prior to the offenses in question and since it merely demonstrated the defendant's propensity toward criminal activity. Defendant also contends that he was improperly convicted of two counts of aggravated battery based on a single act and that the cause must be remanded for resentencing since it is evident that the two convictions for aggravated battery influenced the trial judge in his sentencing decision. Since we are in agreement with

defendant's first contention, we will not consider the latter two.

■ It is well established that evidence of collateral crimes for which an accused is not on trial is inadmissible if they are relevant merely to establish a propensity to commit criminal acts. (*People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288.) The underlying reason for this rule is that such evidence overpersuades the trier of fact, who is likely to convict the defendant merely because it feels that defendant is a bad person deserving punishment, rather than on the basis of facts related to the offense for which he is being tried. (See *People v. Lindgren* (1980), 79 Ill. 2d 129, 137, 402 N.E.2d 238.) However, there are well-recognized exceptions to this rule; evidence of other crimes will be admitted if relevant to demonstrate knowledge, intent, motive, design, plan, identification, absence of mistake or *modus operandi*. (See *People v. Lindgren*.) Such evidence will not be admitted, however, if the basis for establishing the relevance of such evidence is speculative. *People v. Spiezio* (1982), 105 Ill. App. 3d 769, 772, 434 N.E.2d 837.

The State argues that the testimony of Louise Harris regarding the shooting incident at her tavern was properly admitted since such testimony was relevant to establish a common scheme or *modus operandi* on the part of defendant. However, the concepts of common design and *modus operandi* are quite distinguishable. Common design refers to a larger criminal scheme of which the crime charged is only a portion. *Modus operandi* refers to a pattern of criminal behavior so distinctive that separate crimes are recognizable as the handiwork of the same wrongdoer. A common design is frequently relevant to show the motive for the crime charged while *modus operandi* is most useful in demonstrating that the accused is the perpetrator of the crime charged. *People v. Barbour* (1982), 106 Ill. App. 3d 993, 999-1000, 436 N.E.2d 667.

■ A careful examination of the record reveals no reason to believe that the offense in question and the prior shooting incident were part of a common scheme. Accordingly, we must determine if the shooting incidents share a *modus operandi*. The State lists several similarities between the crimes. It points out that the occurrences happened approximately one block apart, that defendant was known to be a person from the neighborhood and that only five days elapsed between the crimes. However, to qualify under the *modus operandi* exception, the State must show that the offenses were so nearly identical in method as to earmark them as the handiwork of the accused. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1000.) We feel that the State has failed to make such a showing, since the incident testi-

fied to by Harris involved defendant firing a weapon into a tavern after having an argument with one of the tavern's patrons. In the present matter, defendant and the complainant did not engage in an argument prior to the shooting. Accordingly, we find that no proper purpose was served by the admission of Louise Harris' testimony and therefore the trial court erred in admitting such evidence.

■ The next determination to be made is whether such error requires reversal. As stated above, defendant was convicted after a bench trial. As the State maintains, as a general rule where a trial is had without a jury there is a presumption that the trial court considered only competent evidence and that presumption can be overcome only where the record affirmatively shows the contrary. (See *People v. Gilbert* (1977), 68 Ill. 2d 252, 258-59, 369 N.E.2d 849.) After having examined the record, we are of the opinion that the trial court improperly considered such incompetent evidence. We base this conclusion on the fact that the trial court would not have admitted such testimony unless it believed the testimony had some probative value. As stated above, we have held that the aforementioned evidence had no permissible use in the present matter. Where the trial court admits improper evidence over defendant's objection, as is the case here, such fact negates the presumption that the court did not take into consideration the incompetent evidence. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1002.) For this reason, we must conclude that such evidence was improperly considered.

In further support of this conclusion, we must point out that the trial court made several comments which indicated that it was considering such evidence. In overruling defense counsel's objections to Harris' testimony, the trial court stated:

> "It need not be the same victim, this is not to show the offense as against—as alleged [*sic*] perpetrated against Mr. Jefferies, it is being introduced by the prosecution as acts of prior violence or crimes such within a close proximity of time to show a propensity or scheme relative to the modus operandi to commit acts similar to that one charged."

This statement seems to indicate that, at least in part, the trial court considered such evidence to demonstrate that defendant had a propensity to commit the offense in question. As stated above, this was highly improper. For the reasons outlined above, defendant's convictions for aggravated battery will be reversed and the cause remanded for a new trial. See *People v. Barbour* and *People v. Spiezio.*

The judgment of the circuit court of Cook County, finding defendant guilty of two counts of aggravated battery and sentencing him to

two concurrent four-year penitentiary terms, is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded for new trial.

GOLDBERG and McGLOON, JJ., concur.