THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY ROBINSON, Defendant-Appellant.

First District (2nd Division) No. 1—88—2188

Opinion filed May 1, 1990.

Randolph N. Stone, Public Defender, of Cook County (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Walter P. Hehner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Following a bench trial, defendant was convicted of residential burglary and sentenced to five years' imprisonment. He now appeals his conviction and sentence, alleging that the trial judge's finding of guilt was based in part on inadmissible hearsay evidence and was therefore a product of prejudicial error. We affirm.

Defendant was charged by information with one count of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3) and convicted on June 7, 1988. At trial, the State presented three witnesses: the victim, Laura Smart; her boyfriend, Darrius Thomas; and Chicago police officer Thomas McCann. Defendant testified on his own behalf. The parties stipulated for the purpose of impeachment that on August 28, 1986, defendant had been convicted of possession of a stolen motor vehicle (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103) and sentenced to two years' probation.

Smart testified that at about 10:30 p.m. on January 30, 1988, she left her apartment at 13333 South Greenwood in Chicago, locking her door and leaving no one inside. When she returned at about 2:30 p.m. the following day, she noticed that her back door was open and that a panel on the door had been kicked in. Four items were missing from her apartment: a stereo, a color television, a video cassette recorder and a gold watch. Smart reported the burglary to the police and also enlisted the aid of her boyfriend, Thomas, to help locate her property.

Thomas testified that he questioned various people in the neighborhood about the stolen property. On February 4, 1988, he had a telephone conversation with defendant, who admitted having the stereo and video cassette recorder. They arranged to meet immediately afterward, at which time defendant personally handed over the stereo to Thomas and directed a juvenile to give him the video cassette recorder. During the exchange, defendant told Thomas that he would have never burglarized Smart's apartment had he known to whom it belonged. The items that defendant returned were those stolen from Smart's apartment.

Officer McCann testified that he and two other police officers arrested defendant pursuant to the information Thomas had given them and that, after being advised of his rights, defendant admitted participating in the burglary. He told the officers that he and two juveniles, Kevin Gloster and Mark Gregory, entered Smart's apartment after one of the juveniles kicked out a door panel and reached in to unlock the door. Defendant admitted removing a video cassette recorder and watch from the apartment. During cross-examination, Officer McCann stated that defendant confessed a second time at the police station, but that McCann never reduced the confession to writing. Gloster had also admitted participating in the burglary.

During his own testimony in chief, defendant denied any complicity in the burglary, but acknowledged having received a telephone call from Thomas on February 4, 1988. According to defendant:

"[Thomas] called my house and told me his house had been

broken in, and that a VCR, portable radio, stereo, [*sic*] and that Kevin and some other guy told him I had broke into the house."

Although defendant then admitted that he returned a portable radio and a video cassette recorder to Thomas, he said that he never confessed participating in the burglary to Officer McCann. In fact, he testified that he told both Thomas and the officer that he had bought the items for $70 from Gloster.

After hearing arguments, the circuit judge found defendant guilty and made the following finding:

"You have an admission or confession, you have corroboration, and the property itself. The defendant was fingered by one of the juvenile offenders of this offense and that's how he got involved."

Defendant contends that the trial court committed reversible error by considering incompetent hearsay testimony that he "was fingered by one of the juvenile offenders of this offense." Thus, the issue focuses on defendant's own testimony, quoted above, that Thomas heard from two other individuals that defendant was involved in the burglary.

■ The State argues that defendant waived his alleged error for the reason that he neither objected to the testimony at trial nor raised the error in his post-trial motion. To preserve an error for review, a defendant must do both. (*People v. Enoch* (1988), 122 Ill. 2d 176, 185-90, 522 N.E.2d 1124, 1129-31.) In the present case, however, defense counsel was hardly in a position to object to the admission of the offending testimony because it came from defendant himself in response to a question during direct examination. In an attempt to explain how and why Thomas' investigative trail led to defendant, his trial attorney questioned him about his telephone conversation with Thomas on February 4, 1988. Among the questions he asked were "And what was [the conversation] concerning? What was it about that you talked to Mr. Thomas?" It was in response to these questions that defendant repeated the incriminating hearsay.

■■ A defendant may not complain of improper evidence if he "procures, invites or acquiesces" in its admission. (*People v. Burage* (1961), 23 Ill. 2d 280, 283, 178 N.E.2d 389, 391, *cert. denied* (1962), 369 U.S. 808, 7 L. Ed. 2d 555, 82 S. Ct. 651; *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.) Significantly, in all of the cases addressing this issue, the incriminating evidence emanated from a State witness during cross-examination. (See, *e.g.*, *Bell*, 53 Ill. 2d 122, 290 N.E.2d 214; *Burage*, 23 Ill. 2d 280, 178 N.E.2d 389; *People v.*

*Chanath* (1989), 184 Ill. App. 3d 521, 540 N.E.2d 468; *People v. Tribett* (1977), 54 Ill. App. 3d 777, 370 N.E.2d 115.) Here, defense counsel asked an open-ended question *of his own witness,* who provided a responsive answer. Consequently, defendant's only complaint can be with the question posed and not the answer given. We hold, therefore, that defendant was estopped both from objecting to his own testimony, if he had been so inclined, and later from raising the court's reliance on the testimony as prejudicial error. See *Burage,* 23 Ill. 2d 280, 178 N.E.2d 389.

■■■ It is presumed that in a bench trial a judge has considered only competent evidence in arriving at his verdict. (*People v. Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849; *People v. Alford* (1982), 111 Ill. App. 3d 741, 444 N.E.2d 576; *People v. Barbour* (1982), 106 Ill. App. 3d 993, 436 N.E.2d 667.) If the record affirmatively shows the contrary, however, this presumption may be rebutted. (*Gilbert,* 68 Ill. 2d 252, 369 N.E.2d 849; *Alford,* 111 Ill. App. 3d 741, 444 N.E.2d 576; *Barbour,* 106 Ill. App. 3d 993, 436 N.E.2d 667.) We note, however, that if hearsay evidence is admitted without objection, it must be given its "natural probative effect" (*People v. Akis* (1976), 63 Ill. 2d 296, 299, 347 N.E.2d 733, 735; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267); and in light of our conclusion that the hearsay evidence implicating defendant in the burglary was competent *ab initio,* we find that the record is not only devoid of such a contrary showing, but reinforces the presumption. (See *Gilbert,* 68 Ill. 2d at 258-59, 369 N.E.2d at 852-53.) Accordingly, we affirm.

Affirmed.

DiVITO, P.J., and BILANDIC, J., concur.