(No. 18650.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK EGAN, Plaintiff in Error.

*Opinion filed October 25, 1928.*

490

Robert E. Cantwell, Jr., (Elwyn E. Long, of counsel,) for plaintiff in error.

Oscar E. Carlstrom, Attorney General, Robert E. Crowe, State's Attorney, Roy D. Johnson, and James B. Searcy, (Edward E. Wilson, John Holman, and Lee R. LaRochelle, of counsel,) for the People.

Mr. Justice Heard delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the criminal court of Cook county finding plaintiff in error, Frank Egan, guilty of rape and sentencing him to imprisonment in the penitentiary for his natural life.

According to the testimony, Egan and Tom Orr met the complaining witness, Betty Pierson, and her friend, Mary Cavanaugh, near the Calumet Club, at Sixty-second street

and Cottage Grove avenue, Chicago, about four o'clock in the afternoon of Sunday, May 30, 1926. Prior to that they had met each other at the bathing beach and at a dance hall. At the invitation of the men the girls got into a taxi-cab and drove to apartment 311 at 6246 South Park avenue. This apartment had been leased the day before by plaintiff in error in the name of Alfred Farrell, with whom he resided. The apartment consisted of a living room, dressing room, kitchen and bath-room as shown by the following diagram:

On the way to the apartment plaintiff in error stopped and purchased a quantity of intoxicating liquor. Shortly after these four persons arrived at the apartment Farrell appeared, and a little later two other girls. During the evening a large portion of the liquor was consumed. The carousal lasted until about eleven o'clock. The crime with which Egan is charged is claimed to have taken place shortly before eleven o'clock in the dressing room while the other five members of the party were in the living room, at which time no outcry or disturbance is shown to have been heard by any of the party.

It is claimed by plaintiff in error that, assuming the testimony of the prosecutrix to be true, it does not show him to have been guilty of the crime alleged. We do not consider it necessary to discuss the evidence in detail and pass upon this question. There is a direct conflict in the evidence in the case. The evidence of the prosecutrix as to matters occurring during the evening prior to the time in question is corroborated by one of the girls, while it is flatly contradicted by the other two girls and by Egan, who testified denying his guilt. The evidence was of such a character that it was highly important that incompetent, prejudicial evidence should not be admitted, that the jury should be properly instructed, and that the conduct of the court should not tend to prejudice the jury against the defendant.

Over the objections of plaintiff in error the prosecution was allowed to introduce evidence tending to show that after the occurrence and until the time of the trial the health of the prosecutrix had been greatly impaired. While in cases of this character it is competent to show the physical condition of the prosecutrix soon after the commission of the crime as tending to prove its commission, evidence as to her condition, either mental or physical, a long time thereafter has no tendency to prove the only question at issue, which is the guilt of the defendant. The only effect of such evidence would be to prejudice the jury against the defendant. *Bynum* v. *State,* 80 So. 572; *State* v. *Houx,* 19 S. W. 35; *Bailey* v. *State,* 30 id. 669.

Over the objection of plaintiff in error the prosecution was allowed to prove that about four hours previous to the time at which the offense is alleged to have been committed he made improper advances and insulting proposals to Mary Cavanaugh out of the presence of prosecutrix, and also evidence of circumstances tending to show indecent relations with another girl about two hours after the prosecutrix had left his apartment. This evidence was no part of the *res gestæ* and should not have been admitted. *Janzen* v.

*People,* 159 Ill. 440; *Dalton* v. *People,* 224 id. 333; *People* v. *Gray,* 251 id. 431; *People* v. *Gibson,* 255 id. 302; *People* v. *Rogers,* 324 id. 224.

It is contended by plaintiff in error that the conduct of the trial judge at various times was such as to be prejudicial to plaintiff in error. On one phase of the case the trial judge conducted an extended cross-examination of Egan covering a page and a half of the abstract, and his tone of voice is characterized in the abstract as "loud and angry." While a trial judge is not a mere moderator or referee and he has a right at any time to ask questions for the purpose of eliciting the truth, it is a test of more delicacy and much difficulty for him to so conduct an extended cross-examination of a defendant that nothing in either the tone or inflection of the voice, the play of the features, the manner of propounding or framing the questions or the course of the investigation pursued in the examination will indicate to the jury the trend of mind of the questioner. (*Dunn* v. *People,* 172 Ill. 582.) Everyone with any experience in the trial of cases in court appreciates that any intimation, however slight or unconsciously, made by the court in the presence of the jury is liable to have the force and effect of evidence and may be most damaging to the party against whom it is made. (*People* v. *Lurie,* 276 Ill. 630.) At times the demeanor and remarks of the trial judge were such as to indicate his attitude toward the witnesses. A defendant cannot have a fair trial when the judge's belief of his guilt is impressed on the jury. No person can successfully perform the functions of prosecutor and judge. They are inconsistent. *People* v. *Judycki,* 302 Ill. 143; *People* v. *Pelletri,* 323 id. 176.

One of the defenses of plaintiff in error in this case was his alleged inability to commit the offense. He introduced some evidence in support of such defense and offered the two following instructions, which the court refused:

"The court instructs the jury that in order to justify a conviction in this case the State must prove every element of the crime beyond all reasonable doubt and such proof includes the physical ability of the defendant, Frank Egan, to commit the crime charged against him; and it is therefore not the duty of the defendant to establish his inability to commit the crime charged; all the defendant Frank Egan has to do in this respect to entitle him to an acquittal is to raise a reasonable doubt in the minds of the jury as to his inability to commit the crime charged against him."

"The court instructs the jury that if from a consideration of all the evidence in this case the jury are not convinced beyond a reasonable doubt that the defendant Frank Egan was physically capable to have sexual intercourse at the time alleged in the indictment in this case, then it is your duty to give him the benefit of such reasonable doubt and find him not guilty."

These were the only instructions offered bearing upon this question. A defendant is entitled to have the jury instructed as to the law applicable to any state of facts which the jury might legitimately find from the evidence. *People* v. *Scalisi,* 324 Ill. 131.

At the request of the prosecution the court gave to the jury an instruction in the language of the statute defining rape, including that portion of the statute bearing upon the carnal knowledge of a female person under the age of sixteen years. That portion of the statute has no relevancy to this case. The object of instructions is to convey to the jury correct principles of law applicable to the evidence and nothing should be given them unless it will promote that object. *Baxter* v. *People,* 3 Gilm. 368.

For the errors above indicated the judgment of the criminal court of Cook county is reversed and the cause remanded.                   *Reversed and remanded.*