**Saletheo PEREZ, Petitioner–Appellant,**

v.

**Guy PIERCE, Respondent–Appellee.**

No. 00–3539.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Jan. 17, 2002.

---

\* After an examination of the briefs and the record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, RIPPLE, WILLIAMS, Circuit Judges.

**ORDER**

Illinois prisoner Saletheo Perez appeals the denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. Mr. Perez alleged, among other things, that the state trial court violated his right to confrontation under the Sixth and Fourteenth Amendments when it relied on his co-defendant's post-arrest statements to police and trial testimony in convicting him for murder. The district court concluded that the trial judge did violate Mr. Perez's right to confrontation, but reasoned that the error was harmless. Mr. Perez timely filed a notice of appeal, and the district court granted a certificate of appealability. We affirm, but on a different ground.

**I. Background**

In 1995 Mr. Perez and his co-defendant, Gerald Hodges, were convicted of first-degree murder, *see* 720 I.L.C.S. 5/9–1, in the Circuit Court of Cook County, Illinois, and sentenced to 40 years' imprisonment after Mr. Hodges shot and killed Seke Willis. Mr. Perez was convicted on a theory of accountability. *See* 720 I.L.C.S. 5/5–2(c). Mr. Perez and Mr. Hodges were tried in severed but simultaneous bench trials before the same judge.

The relevant facts established at trial follow. In April 1993 Mr. Perez and Mr. Hodges attended a party during which there was a gang-related confrontation. Mr. Hodges ended the confrontation by shooting a rifle into a crowd, killing Seke Willis. Mr. Willis was at the party with his brother Tunde Willis, his girlfriend April Hummons, and his girlfriend's sister Heather Hummons. Tunde Willis and Heather Hummons both testified that Mr. Perez was the protagonist in the confrontation. At some point, Mr. Perez left and returned with an assault-rifle. Tunde Willis and Heather Hummons testified that Mr. Perez gave the rifle to Mr. Hodges, and that Mr. Hodges subsequently fired into the crowd. April Hummons testified that she never saw Mr. Perez with a gun, but that before the shooting she saw Mr. Perez standing with Mr. Hodges, who was leaning on a rifle. April Hummons further testified that she ran when she saw Mr. Hodges pick up the gun and, as she did so, heard two shots. Heather Hummons testified that when Mr. Hodges picked up the gun she heard Mr. Perez tell him "shoot, shoot." Mr. Perez testified that, when the confrontation began, he ran into an apartment where Mr. Hodges's brother gave him a gun. He further claimed that, when he went outside, Mr. Hodges took the gun from him, and that he did not give Mr. Hodges the gun or tell him to shoot.

In its case against Mr. Hodges, the state introduced Mr. Hodges's out-of-court statement to police that Mr. Perez had told him something about "shooting," had given him the gun, and was a gang member. The state also elicited Mr. Hodges's trial testimony to the same effect when cross-examining him.

Although the defendants' trials were severed, the trial judge did not make separate findings of fact. The judge made the following statement in explaining her findings:

> In short, the court found that both the testimony of both the Defendants to be incredible in light of the testimony of the State's witnesses, which were corroborated by the testimony of each other, as well as certain statement [sic] of Defendant Hodges and the statement of some of the defense witnesses.

Mr. Perez appealed his conviction to the Appellate Court of Illinois. He claimed, among other things, that the trial court violated his federal right to confrontation because, he argued, the trial judge's statement showed that she relied on Mr. Hodges's statement to police and testimony in finding Mr. Perez guilty. The appellate court affirmed, concluding that Mr. Perez had failed to rebut the state-law presumption that the trial judge considered only competent, proper evidence against him. The court reasoned that the record demonstrated that the trial judge "was well-aware that [Mr.] Hodges's out-of-court statement and trial testimony were not to be considered against [Mr. Perez]." The court relied in particular on the following colloquy between the trial judge, the prosecutor and defense counsel:

> [DEFENSE COUNSEL]: [T]his witness is only as to Mr. Hodges and not Mr. Perez.
>
> THE COURT: That's what I thought, I thought somebody was going to make a record at some point.
>
> [THE STATE]: I thought that we determined at the beginning there were some witnesses and your Honor was going to be able to separate the testimony of each witness.
>
> [DEFENSE COUNSEL]: I just want to make it part of the record.

The Illinois Supreme Court denied Mr. Perez's petition for review, and he did not thereafter seek post-conviction review in the state courts.

In November 1998 Mr. Perez filed his § 2254 petition, re-asserting his confrontation claim. The district court denied the petition. The court rejected the state's argument that Mr. Perez's claim was procedurally defaulted and determined that the trial court had violated his right to confrontation. The court concluded, however, that the violation was harmless error because there existed "overwhelming untainted evidence" of Mr. Perez's guilt.

## II. Analysis

On appeal Mr. Perez challenges the district court's conclusion that the trial judge's violation of his right to confrontation was harmless error. But the state maintains that the district court erred in concluding that Mr. Perez's claim was not procedurally defaulted because, the state argues, Mr. Perez failed to present it to the Illinois Supreme Court when he petitioned for review on direct appeal. We consider the state's argument first. *See Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir.2000) ("A federal court must ensure that the habeas corpus petitioner has overcome two procedural hurdles, exhaustion and procedural default, before reaching the merits of his claim."), *cert. denied*, 532 U.S. 925, 121 S.Ct. 1366, 149 L.Ed.2d 294 (2001).

Under § 2254 a petitioner must exhaust his state-court remedies before a federal court can grant habeas corpus relief; in other words, the petitioner must fairly present his federal claims to the state courts in order to give the state the opportunity to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887,

130 L.Ed.2d 865 (1995). In *Verdin v. O'Leary,* 972 F.2d 1467, 1473–74 (7th Cir. 1992), we adopted the following test for fair presentment:

> If the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim.

*See also Whitehead v. Cowan,* 263 F.3d 708, 727 (7th Cir.2001). Additionally, a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort fails to fairly present his claims to the state courts. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hough v. Anderson,* 272 F.3d 878, 892–93 (7th Cir.2001).

The district court determined that even though Mr. Perez had failed to specifically raise a federal claim in his petition for review to the Illinois Supreme Court, he raised a "corollary" argument particular enough to put the court on notice that he was asserting a federal confrontation claim. We disagree.

In his brief to the appellate court, Mr. Perez specifically raised his federal confrontation claim, citing the Supreme Court's decisions *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986). He argued at length that the trial judge deprived him of due process under the Fourteenth Amendment when she relied on Mr. Hodges's statement to police and testimony in convicting him.

In contrast, Mr. Perez's petition for review to the Illinois Supreme Court made no mention of his federal rights to confrontation and due process. Rather, Mr. Perez cast his claim exclusively in state-law terms:

> [Mr.] Perez's appeal presents this Court with an opportunity to clarify an important issue of Illinois criminal law: [o]n appeal, what showing must a defendant make in the context of a simultaneous severed bench trial in order to defeat the presumption that the circuit court judge sitting as the trier of fact in his case considered only competent evidence in reaching a verdict of guilt?

And, unlike his brief to the appellate court, Mr. Perez's petition to the state supreme court does not cite a single federal case addressing his rights to confrontation and due process. Neither did Mr. Perez present the operative facts or controlling legal principles of his confrontation claim—that his trial counsel did not have the opportunity to cross-examine Mr. Hodges at trial, and that Mr. Hodges's statements did not possess sufficient indicia of reliability to justify depriving Mr. Perez of the right to test their trustworthiness on cross-examination. *See Lilly v. Virginia,* 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).

Although Mr. Perez cited state cases in his petition that analyze the federal right to confrontation, that does not mean that his argument—about a state-law presumption that a trial judge only considers competent evidence—necessarily implicated his federal confrontation claim. *See Whitehead,* 263 F.3d at 727 (reliance on state cases applying constitutional analysis does not automatically satisfy fair presentment standard; courts must consider the specific facts of the case). Several of the

cases Mr. Perez cited analyze the state-law presumption as an issue distinct from and not corollary to the federal right to confrontation, *see, e.g., People v. Abston,* 263 Ill.App.3d 665, 200 Ill.Dec. 361, 635 N.E.2d 700, 706–07 (Ill.App.Ct.), *appeal denied,* 157 Ill.2d 506, 205 Ill.Dec. 169, 642 N.E.2d 1286 (Ill.1994); *People v. McKinney,* 260 Ill.App.3d 539, 197 Ill.Dec. 822, 631 N.E.2d 1281, 1286–87, 1290–91 (Ill.App.Ct.1994); *People v, Gholston,* 124 Ill.App.3d 873, 80 Ill.Dec. 196, 464 N.E.2d 1179, 1189–90 (Ill. App.Ct.1984), and we find it significant that in his petition Mr. Perez cited only the portions of these cases that discuss the state-law presumption.

Additionally, Mr. Perez cited a host of cases that discuss the state-law presumption in contexts unrelated to the right to confrontation. *See, e.g., People v. Gonzolez,* 268 Ill.App.3d 224, 205 Ill.Dec. 688, 643 N.E.2d 1295, 1300 (Ill.App.Ct.1994) (failure to exclude testimony inextricably linked to illegal arrest); *People v. Guest,* 115 Ill.2d 72, 104 Ill.Dec. 698, 503 N.E.2d 255, 271–72 (Ill.1987) (irrelevant and inflammatory testimony); *People v. Alford,* 111 Ill. App.3d 741, 67 Ill.Dec. 340, 444 N.E.2d 576, 578 (Ill.App.Ct.1982) (improper propensity evidence); *People v. Clark,* 108 Ill.App.3d 1071, 64 Ill.Dec. 835, 440 N.E.2d 387, 393–94 (Ill.App.Ct.1982) (inadmissible hearsay records); *People v. Pelegri,* 39 Ill.2d 568, 237 N.E.2d 453, 457 (Ill.1967) (improper closing argument); *Abston,* 200 Ill.Dec. 361, 635 N.E.2d at 705–706 (judicial bias). We think it evident that Mr. Perez, who was represented by counsel at all stages of his direct appeal, made a conscious decision not to pursue his federal confrontation claim when he petitioned the Illinois Supreme Court for review. *See Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir.2001) (although a petitioner may reformulate his claims without procedurally defaulting, the reformulation "should not place the claim in a significant-ly different posture") (internal quotation and citations omitted). He thus procedurally defaulted that claim.

 Our analysis does not end here, however. We will excuse a petitioner's procedural default if he can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice. *Anderson v. Cowan,* 227 F.3d 893, 899–900 (7th Cir.2000). Mr. Perez has never argued the fundamental miscarriage of justice exception. In response to the state's procedural default argument before the district court, however, Mr. Perez did attempt to demonstrate cause and prejudice by arguing that he received ineffective assistance of appellate counsel in petitioning the Illinois Supreme Court for review. But a criminal defendant does not have a federal constitutional right to counsel to pursue discretionary state appeals, *Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *Anderson,* 227 F.3d at 901, and cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Anderson,* 227 F.3d at 901. As a result, Mr. Perez cannot use ineffective assistance of appellate counsel as the "cause" requisite to excuse his procedural default. *Id.*

Because we conclude that Mr. Perez procedurally defaulted his federal confrontation claim, we do not reach the merits of his argument on appeal.

**AFFIRMED.**